**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Civil No. 10-CV-1843
The Honorable Judge Ann St. Eve

G & G PEPPERS, LLC
           Appellant,
v.

EBRO FOODS, INC.
           Appellee.

On Appeal from the United States Bankruptcy Court
for the Northern District of Illinois
Eastern Division

In re: EBRO FOODS, INC.
Chapter 11 Case No. 09-10101
Adversary No. 09-A-500
The Honorable Judge Eugene Wedoff

**MOTION TO STRIKE AND DISMISS G & G PEPPERS, LLC'S BRIEF**

Forrest L. Ingram #3129032
Michael V. Ohlman #6294512
Philip Groben #6299914
FORREST L. INGRAM P.C.
79 West Monroe, Suite 900
Chicago, Illinois 60603
(312) 759-2838

**APPELLEE'S MOTION TO STRIKE AND DISMISS G & G PEPPERS, LLC'S BRIEF**

NOW COMES the Appellee, EBRO FOODS, INC., (hereinafter, "Debtor" or "EBRO") by and through its attorneys at FORREST L. INGRAM, P.C. and pursuant to Federal Rules of Bankruptcy Procedure 8010 and 8011 respectfully moves this Honorable Court to strike G&G PEPPERS, LLC's appellate brief and dismiss the appeal, with attorney's fees and costs to the movant for a failure to conform to Federal Rule of Bankruptcy Procedure 8010. In support of its motion, EBRO FOODS, INC., states as follows:

**FACTS**

1) 1. On June 19, 2009, G&G Peppers, LLC (hereinafter referred to as "G&G") filed an adversary complaint against the Debtor claiming that Debtor had violated a Perishable Agricultural Commodities ("PACA") trust held by G&G. G&G alleged that the Debtor breached a trust for allegedly failing to remit payment for a shipment(s) of jalapeno peppers.

2) The Court issued a Memorandum of Decision on February 1, 2010 and on February 2, 2010 the Court entered its Judgment Order disposing of all pending issues and the litigation. (See Exhibit A, Memorandum of Decision and Exhibit B, Judgment Order)

3) In its written opinion the Court held that, *inter alia*, Ebro is entitled to judgment as to the PACA claim because the purchase orders did not create a PACA trust. Further, any claim that G&G does possess against Ebro's bankruptcy estate is a general unsecured debt. (See Exhibits A and B)

4) On February 15, 2010, G&G appealed the Court's written opinion. Over 45 days later, G&G filed its Appellate Brief with the Northern District of Illinois. (See Docket No. 5, G&G's Appellate Brief filed on April 7, 2010).

## LEGAL ANALYSIS

### A. G&G's Appeal Must Be Dismissed for Failing to Conform to the Federal Rules of Bankruptcy Procedure.

5) G&G's appellate brief fails to contain any of the headings or information that is required pursuant to the Federal Rules of Bankruptcy Procedure. These omissions are egregious, negligent and prejudicial to the rights of EBRO. Therefore, G&G's brief should be stricken and the appeal should be dismissed with prejudice.

6) The legislature provided litigants with guidelines to follow when appealing an order from the bankruptcy court. The chief purpose of these rules, as with all bankruptcy laws, is to expedite and allow for an economical administration of cases. *Katchen v. Landy*, 382 U.S. 323, 328, 86 S. Ct. 467 (1966).

7) In order to further the goals of the bankruptcy laws, the Bankruptcy Rules of Procedure includes a rule that sets forth a list of headings and requirements that must be included in all appellate briefs. This provision is found in Rule 8010, "Form of Briefs; Length". See, *Fed. R. Bankr. P.* 8010.

8) Rule 8010 states,

> (a) *Form of Briefs.* Unless the district court or the bankruptcy appellate panel by local rule otherwise provides, the form of brief shall be as follows:
>
> (1) *Brief of the Appellant*. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
>> (A) A table of contents, with page references, and a table of cases alphabetically arranged, statutes and other authorities cited, with references to the pages of the brief where they are cited.
>>
>> (B) A statement of the basis of appellate jurisdiction.
>>
>> (C) A statement of the issues presented and the applicable standard of appellate review.
>>
>> (D) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of the proceedings, and the disposition in the court below. There shall follow a statement of the

>>facts relevant to the issues presented for review, with appropriate references to the record.
>>(E) An argument.

*Fed. R. Bankr. P. 8010 (2010).*

9) It is the appellant's responsibility to conform its opening brief to the aforementioned statute. *Ronald Peterson v. Mohammad Akrabawi*, 166 B.R. 114, 116, 1994 U.S. Dist. LEXIS 5373 (N.D. Ill. 1994). If the appellant fails to brief the appeal in a way that conforms to Rule 8010, the appeal fails and dismissal is appropriate. *Id*. at 117., *Morrissey v. Stuteville*, 349 F.3d 1187, 1190, 57 Fed. R. Serv. 3d (Callaghan) 247 (9th Cir. 2003).

10) While some might argue that dismissal is a draconian measure, by strictly enforcing procedural rules it ensures that cases are adjudicated efficiently and that the litigants are able to argue their causes on a level playing field. *The English-Speaking Union v. James Johnson et. al.*, 353 F.3d 1013, 1021, 57 Fed. R. Serv. 3d (Callaghan) 1059 (D.C. Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386 (1962)). As the Supreme Court has consistently held, "experience teaches that strict adherence to procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasko Corp. v. Silver*, 447 U.S. 807, 826, 100 S. Ct. 2486 (1980).

11) When faced with a situation where an appellant has failed to file an appellate brief that complies with the Rules, a district court must weigh the competing interests – deciding cases on their merits versus the necessity for complying with the tools necessary for the district court's to manage their dockets. Then, if abuses occur, sanction those who abuse the system. *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1021 (D.C. Cir. 2004).

12) In some instances a judge may instruct the offending party to re-file their brief and award costs and fees to the party that was prejudiced. *Nicoladze v. Lawler*, 86 B.R. 69, 1988 U.S. Dist. LEXIS 3987 (N.D. Tex. 1988),  Also see, *Suncoast Airlines v. Atkinson & Mullen Travel, Inc.*, 188 B.R. 56, 33 Fed. R. Serv. 3d (Callaghan) 892 (S.D. Fla 1994)(Monetary sanctions of $77,750 against the appellant's attorneys is an appropriate sanction for the violation of the Rules of Bankruptcy Procedure).

13) However, dismissal is appropriate when a violation is egregious or done negligently or through indifference to the Bankruptcy Rules.  *Morrissey v. Stuteville*, 349 F.3d 1187, 1189, 57 Fed. R. Serv. 3d (Callaghan) 247 (9th Cir. 2003)

14) Courts find that an appellate brief egregiously violates the requirements of Fed. R. Bank. P. 8010 when it lacks a statement of appellate jurisdiction, it does not contain the applicable standard of appellate review for the issues presented, if there is no statement of the case, and where the argument section omits citations to authorities and parts of the record the appellant purports to rely upon.  *Id.*

15) For instance, in the matter of *Marcus Inc. v. Farrow*, 94 B.R. 513, 1989 U.S. Dist. LEXIS 137 (N.D. Ill. 1989), the District Court reviewed the brief filed by the appellant and determined that it should be stricken and the appeal dismissed because the appellant failed to include: (1) a table of contents with page references; (2) a statement of the basis of appellate jurisdiction; (3) a statement of the applicable standard of appellate review; (4) a statement of the relevant facts with citations to the record; (5) an argument with citations to the parts of the record relied on; and (6) a statement of the *precise* relief sought from the court.  *Id* at 515.  The only reason the court did not dismiss the matter is because the appellee never filed a response to the brief.  *Id.*

16) When G&G filed their brief they failed to conform to the procedural requirements specifically set out in Rule 8010.  Like in *Farrow*, G&G's brief fails to contain almost all of the necessary elements including: (1) A table of contents with page references; (2) A statement of the basis of appellate jurisdiction; (3) applicable standard of review for each issue presented; (4) A statement of the case with appropriate references to the record; (5) an argument with citations to the authorities, statutes and parts of the record relied on as required under the rules. See *Fed. R. Bankr. P. 8010 (2010)*. The only requirement that G&G followed, albeit minimally, was the requirements that it file a conclusion seeking relief.  (See, Docket No. 5, Appellate Brief, page 15).

17) G&G's brief is egregiously incomplete and shows an indifference to the procedures set forth in the Bankruptcy Rules.   There was no compliance with any of the mandatory requirements.   This complete disregard for the Rules shows either negligence in the prosecution of the case or indifference on the part of G&G.  Either way, the circumstances warrant the dismissal of the appeal with prejudice.

18) The only reasonable explanation for the omissions is that G&G expects the Court to do its work for G&G.  It now becomes the Court's job to find and determine the relevant standard of review for each issue the appellant has presented.  It requires the Court to wade through the entire record to determine the procedural and factual history of the case and then drudge through the record each time a factual issue is discussed to determine the appropriate reference for G&G's assertions.

19) In sum, G&G's appellate brief lacks virtually all of the elements that are required under Rule 8010 and should be dismissed with prejudice.

WHEREFORE, EBRO FOODS, INC., respectfully requests that this Honorable Court strike G&G PEPPERS' brief in its entirety, dismiss the appeal with prejudice, and grant such further relief as this Court deems just and appropriate.

### B. G&G's Appeal Must Be Dismissed for Failing to Include References to the Record As Is Required by the Rules of Bankruptcy Procedure.

20) G&G has also spurned the Bankruptcy Rules in failing to provide facts relevant to the issues presented for review with appropriate references to the record. In fact, G&G does not even include a heading styled "Argument" as required. Therefore, G&G's appeal must be dismissed or all issues must be waived for "failing to provide sufficient information to allow an intelligent disposition of these issues." *U.S. v. James A. White*, 454 F.2d 435, 439, 1971 U.S. App. LEXIS 6990 (7th Cir. 1971).

21) If an appellant does not include in its brief "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and *parts of the record relied on*" the appellant forfeits those arguments. *Gunartt v. Fifth Third Bank*, 2006 U.S. Dist. LEXIS 42115 (N.D. Ill. 2006). See also, *Odell v. Williamson*, 431 F. Supp. 1023, 1027 fn. 2, 1976 U.S. Dist. LEXIS 11598 (W.D. Okla. 1976)(" Only those issues [a party] supports by argument or authority will be considered by the Court on appeal." (citations omitted)).

22) In *Akrabawi*, the appellant filed his brief with very few citations to the record. When he did cite to the record it was in a vague manner and without specifying the exact page number. *Ronald Peterson v. Mohammad Akrabawi*, 166 B.R. 114, 116, 1994 U.S. Dist. LEXIS 5373 (N.D. Ill. 1994). After reviewing the brief the Court ruled that assertions without citation "burdened this court with searching for and often guessing as to which parts of the record are relevant…it is not the courts responsibility to undertake this

unnecessary burden." *Id*. at 17.  Due to the incomplete citations, the appeal was deficient pursuant to the bankruptcy rules and "for that reason alone, his appeal fails." *Id.*

23) Likewise, in the matter of *David L. Smith v. Colorado Department of Revenue et. al.*, 102 A.F.T.R.2d (RIA) 5890, 2008 Bankr. LEXIS 2303 (B.A.P. 10th Cir., 2008) the appellant-debtor filed his appellate brief with incomplete citations to the record and the court found that it was defective and inadequate on its face.  The brief of the appellant-debtor relied almost exclusively on general statements while failing to specify the evidentiary or legal support for his contentions.  *Id.*  Relying on Rule 8010 the court ruled that the arguments contained in the brief are waived and the appeal is dismissed because the appellant failed to adequately support his contentions with references to the record.  *Id.* at 13.  The court stated, "it is axiomatic that simply saying that something is so, even repeatedly, does not make it so." *Id*. at 12.  Even if the allegations were supported by evidence that could be found in the record, the court reasoned that since "'judges are not like pigs, hunting for truffles buried in briefs', an appeals court should decline to speculate as to the possible legal basis for a claim of error." *Id*. at 12-13.  (citing, *U.S. v. Dunkel*, 927 F.2d 955, 956, 67 A.F.T.R.2d (RIA) 637 (7th Cir. 1991)).

24) As in the *Akrabawi* and *Smith* matters, G&G failed to conform to the basic guidelines found in Federal Bankruptcy Rules 8010(D) and (E).  Most obvious is that G&G did not cite to the record even once in its entire brief.   Instead, G&G makes unsupported assertions and then expects the Court to speculate on the validity of the statement or find the supporting documents in the record.  (See, Docket No. 5, Appellate Brief, page 15).

25) By way of example but not limitation, Ebro points to the following in order to show G&G's lack of conformity with the requirements found in Rule 8010:

(a) page 2 of G&G's brief states, "the Court issued its decision granting Ebro's objection as to G&G's claim status";

(b) on page 8, G&G posits, "In the present matter, the purchase orders were contemporaneous and confirmatory with each of the transactions giving rise to G&G's claim.";

(c) again on page 12, G&G states, "The Bankruptcy Court's analysis applied Illinois state law relating to the statute of frauds to conclude that purchase orders were 'contracts'…." on page 8 but does not clarify if that quote is from an order or a transcript.

(d) finally, on page 14 the Defendant, without citation states, "G&G successfully obtained a civil judgment establishing that it was indeed owed and due $42,920.00, plus interest.'"

(See Appellant's Brief, Docket No. 5)

26) The aforementioned examples are only a portion of the assertions made by G&G without reference to the record, in violation of the Bankruptcy Rules.

27) The errors and omissions made by G&G are prejudicial to Ebro and are egregious violations of the Rules of Bankruptcy Procedure. Due to G&G's lack of conformity with the Bankruptcy Rules and its failure to adequately address requirements to maintain an appeal, G&G's appellate brief should be stricken and the appeal should be dismissed with prejudice.

WHEREFORE, EBRO FOODS, INC., respectfully requests that this Honorable Court strike G&G PEPPERS' brief in its entirety, dismiss the appeal with prejudice, and grant such further relief as this Court deems just and appropriate.

### C. Ebro Should be Awarded Attorneys Fees and Costs as the Prevailing Party in This Appeal.

28) The appellate issues presented by the Appellant, G&G Peppers, are principally to overturn the Bankruptcy Court's February 3, 2010 Decision and Judgment Order that stated, "Ebro is entitled to judgment on the question of a PACA trust" because "no [PACA] trust ever arose". See Memorandum of Decision attached hereto as Exhibit A and Judgment Order attached as Exhibit B).

29) Since G&G is arguing that the Memorandum of Decision and Judgment Order is in error, the fee shifting provision in the PACA statute will apply to any and all fees incurred by the prevailing party. If Ebro succeeds in its motion to dismiss the appeal for the reasons stated herein, Ebro is entitled to its fees and costs in defending this action pursuant to 7 U.S.C. § 499g(c).

30) The 7th Circuit, Northern District of Illinois, and other jurisdictions have made clear that the recovery of attorney's fees is *mandatory* for a prevailing party involved a PACA lawsuit. See *Robinson Farms Co. v. D'Acquisto*, 962 F.2d 680, 681 (7th Cir. 1992) (holding that PACA makes an award of costs and attorney's fees to a prevailing party mandatory); See also *Fruit Belt Canning Co., Inc. v. Heinemann's Inc.*, 2006 U.S. Dist. LEXIS 35902 (N.D. Ill. 2006) (noting that the entitlement to attorneys' fees need not be addressed at length since both parties agreed that attorneys' fees were warranted under PACA, and moving directly to a determination of the reasonableness of the amount sought); See also *Strube Celery & Vegetable Co. v. Global Foods, LLC.*, 2007 WL

5395648, 1-2 (S.D. Ind. 2007) (granting the prevailing parties' judgment, along with attorney's fees).

31) Upon a ruling in its favor, Ebro requests, pursuant to 7 U.S.C. § 499g(c) to file with this Honorable Court a petition for reasonable fees and costs in defending the instant matter.

**WHEREFORE,** in addition to the relief sought in subsections A and B of this motion, EBRO FOODS, INC., respectfully requests that this Honorable Court further grant EBRO FOODS, INC. the right to file a petition for fees and costs in this appeal and to conduct an appropriate hearing on its counsel's petition for fees stemming from the defense of G&G's appeal.  EBRO FOODS, INC also prays for such further relief as this Court deems just and appropriate.

>Respectfully Submitted,
>EBRO FOODS, INC.
>
>__/s/ Michael V. Ohlman____
>One of its attorneys

Forrest L. Ingram #3129032
Michael V. Ohlman #6294512
Philip Groben #6299914
FORREST L. INGRAM P.C.
79 West Monroe, Suite 900
Chicago, Illinois 60603
(312) 759-2838