IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Civil No. 1:10-cv-1843
The Honorable Judge Ann St. Eve

G & G PEPPERS, LLC.
Appellant,

v.

EBRO FOODS, INC.
Appellee.

On Appeal from the United States Bankruptcy Court
for the Northern District of Illinois
Eastern Division

In re: EBRO FOODS, INC.
Chapter 11 Case No. 09-10101
Adversary No. 09-A-500
The Honorable Judge Eugene Wedoff

**APPELLANT'S MOTION FOR JUDICIAL NOTICE**

Craig A. Stokes
Florida State Bar #0122572
STOKES LAW OFFICE LLP
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
(210) 804-0011

## **APPELLANT'S MOTION FOR JUDICIAL NOTICE**

COMES NOW, G and G Peppers ("G&G") by and through undersigned counsel and files this Motion for Judicial Notice of the proposed rule posted by the U.S. Department of Agriculture ("USDA") in the Federal Register on June 8, 2010.  In support of its motion, G&G states the following:

### **I. Introduction**

Appellate Issue No. 2 before the Court relates to whether purchase orders are express agreement to vary from the PACA prompt payment terms, as contemplated under 7 U.S.C. § 499e(c)(3) and (4).

The Bankruptcy Court held, "that courts must apply the statute of frauds to determine whether parties entered into a written agreement for PACA purposes."  Record of Appeal ("ROA") Att. p. 32.  (citing Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc., 307 F.3d 666, 671 (7th Cir. 2002).   Based on this finding, the Bankruptcy Court further held that purchases orders satisfied the writing requirement under 7 U.S.C. § 499e(3) for a writing on payment terms and that G&G was therefore required to include the amended payment terms on its invoices.  Id.  The Bankruptcy Court therefore held that G&G failed to preserve its PACA trust rights.  Id. at 35.

G&G in its appellate briefs has challenged the Bankruptcy Court's application of the statute of frauds standard to a pre-transaction agreement on payment terms.   Ebro has responded to G&G's argument in its appellate response brief.   The matter is now pending before the Court and set for status conference on August 10, 2010.

## II. Argument

Federal Rules of Evidence 201 allows courts to take judicial notice of adjudicative facts. F.R.E. 201(a). Appellate courts are also free to take judicial notice of developments in cases that are a matter of public record and are relevant to the appeal. <u>Rothenberg v. Security Mgmt. Co., Inc.</u>, 667 F.2d 958, 960 (11th Cir. 1982); *see also*, <u>Opoka v. I.N.S.</u>, 94 F.3d 392, 394 (7th Cir. 1996)(holding that it court may take judicial notice of a decision of another court or agency, including the decision of an administrative law judge).

The Bankruptcy Court issued its Memorandum and Opinion on February 3, 2010. G&G filed its notice of appeal on March 25, 2010. Pursuant to the pleading schedule established by the Court, the parties have filed their respective appellate pleadings.

On June 8, 2010, USDA issued proposed changes to PACA regulations as they pertain to payment agreements. The proposed rules were posted in the Federal Register and are attached hereto as Exhibit "A". *Proposed Rules*, 75 FR 32306-01, 2010 WL 2257540 (F.R.). The proposed rules are intended to address industry concerns regarding the loss of PACA trust rights when the buyer defaults on its agreement to pay and the parties enter into an oral or written agreement to accept payments over time. The proposed new regulations would allow the parties to enter into "post-default agreements" provided they are in writing and are for a period no more than 180 days.

USDA's proposed rules are highly relevant to the matter pending before the Court. The proposed regulations provide a thorough review of the legislative history of the PACA statute and in particular the regulations pertaining to agreements affecting payment terms. USDA also reviews PACA case law, including *Patterson*, cited by the Bankruptcy Court and Ebro in these proceedings.

PACA grants USDA authority to propound regulations to implement the statute. 7 U.S.C. § 499o. An agency's interpretation of the statutes and regulations it administers must be given great deference. <u>Hameed Hussein Ali v. Gonzales</u>, 435 F.3d 544, 546 (5th Cir. 2006); <u>Fleming Co., Inc. v. USDA</u>, 322 F.Supp. 2d. 744, 759 (E.D. Tex. 2004)(citing <u>Chevron USA, Inc. v. Natural Res. Def. Council, Inc.</u>, 104 S.Ct. 2778 (1984)(holding that USDA's interpretation of the PACA should be given great deference because Congress has granted it discretion and authority to implement PACA).

## CONCLUSION

WHEREFORE, for the above-stated reasons, G&G respectfully requests that the Court judicial notice of the proposed changes to the PACA regulations.

Dated: June 23, 2010.

                        Respectfully submitted,

                        <u>s/ Craig A. Stokes</u>
                        Craig A. Stokes – FLB 0122572
                        STOKES LAW OFFICE LLP
                        3330 Oakwell Court, Suite 225
                        San Antonio, TX 78218
                        (210) 804-0011