IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Civil No. 1:10-cv-1843
The Honorable Judge Ann St. Eve

G & G PEPPERS, LLC.
Appellant,

v.

EBRO FOODS, INC.
Appellee.

On Appeal from the United States Bankruptcy Court
for the Northern District of Illinois
Eastern Division

In re: EBRO FOODS, INC.
Chapter 11 Case No. 09-10101
Adversary No. 09-A-500
The Honorable Judge Eugene Wedoff

**RESPONSE IN OPPOSTION TO EBRO'S MOTION FOR RECONSIDERATION OF ORDER GRANTING G&G PEPPERS, LLC'S MOTION JUDICIAL NOTICE**

Craig A. Stokes
Florida State Bar #0122572
STOKES LAW OFFICE LLP
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
(210) 804-0011

COMES NOW, G and G Peppers ("G&G") by and through undersigned counsel and files its response in opposition to Ebro Foods, Inc.'s ("Ebro") Motion to Reconsider Order of June 30, 2010, Granting G&G Peppers, LLC's ("G&G") Motion for Judicial Notice. In support of its response in opposition, G&G states the following:

## I. Introduction

1. On June 23, 2010, G&G filed its Motion for Judicial Notice of a proposed U.S. Department of Agriculture ("USDA") regulation pursuant to the PACA statute regarding "post-default agreements" (i.e., forbearance agreements).

2. The Court issued a minute entry granting G&G's motion on June 30, 2010.

3. On July 1, 2010, Ebro filed its Motion for Reconsideration.

4. Ebro contends that the Court should reverse its order on grounds that (i) the proposed regulation is irrelevant to the matters under appeal and (ii) the regulation is proposed and therefore not subject to judicial recognition.

## II. Argument

*a.   USDA's Proposed Regulation includes analysis of existing PACA regulations and is therefore relevant to the issues sub judice.*

Ebro argues that the USDA regulation is irrelevant because it addresses post-default agreements while G&G's appeal concerns the parties' pre-transaction agreement. *Motion for Reconsideration,* D.E. 23, p. 4.

It is undisputed that the proposed amendment to the PACA regulations addresses post-default agreements. However, the "Supplementary Information: Background of PACA and Trust Provisions" provides background and analysis of the trust and prompt payment provisions of the existing PACA statute and regulations. *Proposed Rules*, 75 FR 32306, 2010 WL 2257540

(F.R.).  USDA interprets the intent and meaning of these provisions.  In the current matter, the parties have offered competing interpretations of the PACA statute and regulations that are currently under consideration by the Court.  USDA's analysis is therefore highly relevant.

USDA further explains that the current regulations do not address post-default agreements but only address pre-transaction agreements.  *Id*. at 32309.  In the absence of any regulatory guidance, the courts have imputed the existing PACA regulations pertaining to pre-transaction payments agreements as applying to post-default agreements.  Such courts include the Seventh Circuit in its decision in <u>Patterson Frozen Foods, Inc. v. Crown Foods Int'l., Inc.</u> *Id*. at 32307-32309.  USDA's narrative critiques these decisions and in so doing provides insight into the intent and meaning of USDA's existing PACA regulations pertaining to prompt payment and pre-transaction agreements.  USDA's proposed regulation is therefore highly relevant to the Court in its consideration of the parties' respective positions regarding interpretation of PACA statute and regulations.

Moreover, in *sub judice* both the Bankruptcy Court and Ebro have cited <u>Patterson</u> and other similar PACA case law pertaining to post-transaction agreements as supporting their interpretation of the PACA statute and regulations.  *See e.g.*, Record of Appeal ("ROA") Att. p. 32 and *Ebro's Response Brief*, p. 7.  [D.E. no. 16].  Ebro cannot have it both ways.  It cannot on the one hand cite <u>Patterson</u> as supporting its interpretation of the PACA while on the other argue that USDA's critique of <u>Patterson</u> as irrelevant to the proceedings.  USDA's analysis of the <u>Patterson</u> decision is undeniably relevant to the matters under appeal.

USDA also published its proposed rule in the Federal Register on June 8, 2010.  This date is after the Bankruptcy Court's decision on February 3, 2010 and the filing of the parties' respective appellate briefs.  As such, it may be considered a development in the case, a matter of

3

public record and relevant to the appeal. Rothenberg v. Security Mgmt. Co., Inc., 667 F.2d 958, 960 (11th Cir. 1982); *see also*, Opoka v. I.N.S., 94 F.3d 392, 394 (7th Cir. 1996)(holding that it court may take judicial notice of a decision of another court or agency, including the decision of an administrative law judge).

### b. *USDA's interpretation of existing PACA regulations and statute are adjudicative facts*

Ebro further argues that the Court may not take judicial notice of a "proposed rule" as it is tentative and such have not been finalized. Ebro cites Davis v. U.S. in support of its position. In *Davis*, the plaintiffs requested that the court take judicial notice of proposed legislation that would repeal the Internal Revenue Code ("IRC"). The court denied the plaintiff's motion as the bill had not been approved by Congress and was therefore irrelevant. *Davis v. U.S.*, 569 F. Supp. 2d 91, 98 (D.C. Dist. 2008).

USDA's proposed amendment to the PACA regulation is distinguishable from a bill seeking to repeal the IRC. As the *Davis* court explained, the proposed repeal of the IRC is only one of many bills flowing through Congress and is therefore not the law of the land. *Id.* In contrast, Congress specifically granted USDA the authority to implement the PACA statute. 7 U.S.C. § 499o. The courts have also held that an agency's interpretation of the statutes and regulations it administers must be given great deference. Hameed Hussein Ali v. Gonzales, 435 F.3d 544, 546 (5th Cir. 2006); Fleming Co., Inc. v. USDA, 322 F.Supp. 2d. 744, 759 (E.D. Tex. 2004)(citing Chevron USA, Inc. v. Natural Res. Def. Council, Inc., 104 S.Ct. 2778 (1984)(holding that USDA's interpretation of the PACA should be given great deference because Congress has granted it discretion and authority to implement PACA).

Moreover, USDA's published interpretation of its own regulations regarding enforcement of the PACA trust and prompt payment provisions are not "proposed". USDA is unlikely to

4

revise its interpretation of existing PACA statute and regulations. They may therefore be considered adjudicative facts on which USDA upon which it is seeking develop additional PACA regulations. USDA's analysis of the existing PACA regulation and statute is distinct from the proposed regulation to accommodate post-default agreements (i.e., 180-day limit for post default written agreements). The proposed regulation regarding post-default agreement is tentative and may be revised based on comments that USDA may receive during the public comment period. The Court's decision to take judicial notice of the proposed regulation was therefore proper.

Alternatively, should the Court deem the proposed regulation tentative in its entirety, then the tentative nature of the proposed rule goes to its weight but does not make it inadmissible. The Court should be given the opportunity to consider the probative value of USDA's proposed rule in the context of the various authorities cited by the parties in their respective pleading and the record.

WHEREFORE, for the above-stated reasons, G&G respectfully requests that the Court deny Ebro's Motion for Reconsideration and grant such other relief as the Court deems just and appropriate.

Dated: July 6, 2010.

                                        Respectfully submitted,

                                        s/ Craig A. Stokes
                                        Craig A. Stokes – FLB 0122572
                                        STOKES LAW OFFICE LLP
                                        3330 Oakwell Court, Suite 225
                                        San Antonio, TX 78218
                                        (210) 804-0011

## **CERTIFICATE OF SERVICE**

   I Craig Stokes, an attorney, certify that I caused a true and correct copy of the foregoing pleading on all parties entitled to service at the addresses listed below, by electronic filing through ECF, U.S. Mail, or Facsimile, as set forth below on the service list below this the 6th day of July, 2010.

               /s/ Craig A. Stokes
               Craig A. Stokes

## **SERVICE LIST**

VIA ECF and FACSIMILE
Forrest L. Ingram
Michael V. Olhman
Philip Groben
Forrest L. Ingram, P.C.
79 West Monroe, Suite 900
Chicago, IL 60603

VIA U.S. MAIL
The Honorable Judge Eugene Wedoff
U.S. Bankruptcy Court
Northern District of Illinois
219 S. Dearborn Street
Chicago, IL 60604